United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Olivier Caron, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 16-23065-Civ-Scola |
| | ) |
| NCL (Bahamas) Ltd. dba Norwegian | ) |
| Cruise Line, Defendant. | ) |

### Order Dismissing Claim

Plaintiff Olivier Caron seeks to recover damages from Defendant NCL (Bahamas) Ltd., doing business as Norwegian Cruise Line, for injuries he claims to have suffered when he tripped and fell through an open, manhole-type structure while a passenger aboard one of Norwegian's, cruise ships. In its motion to dismiss, Norwegian seeks to prevent Caron from relying on a new allegation set forth in his amended complaint. (Def.'s Mot. to Dismiss, ECF No. 18.) According to Norwegian, the new allegation is barred by a limitations provision included in Caron's "Guest Ticket Contract." Caron counters that the limitations provision does not actually bar the new allegation; and, even if it did, the new allegation relates back to the original complaint. (Pl.'s Resp., ECF No. 27.) The Court finds the new allegation indeed runs afoul of the party's contractual limitations provision and does not relate back and therefore **grants** Norwegian's motion (**ECF No. 18**).

1. **Background**

Regarding Caron's fall, his initial complaint contained a long list of allegations that he claimed amounted to breaches of Norwegian's duty to use reasonable care. (Compl., ECF No. 1, ¶ 12.) According to Caron, these breaches led to his fall though the opening and his resulting injuries. (*Id.* at ¶ 9.) The vast majority of the acts or omissions Caron alleged specifically implicated solely the physical condition of various aspects of the ship:

- its "manholes, floors, walkways, or thresholds" (*id.* at ¶ 12a–d, f, i–k, o, p);
- "the area of the ship where [the] incident occurred" (*id.* at ¶ 12g);
- the "lighting" (*id.* at ¶ 12h);
- condensation from the air conditioning (*id.* at ¶ 12m);
- "drainage of liquids from the area" (*id.* at ¶ 12n); and
- "the area and the premises" (*id.* at ¶ 12q).

The remaining three of the eighteen alleged breaches were phrased more vaguely, generally referencing:

- "a dangerous condition" (*id.* at ¶ 12e);
- Norwegian's failure "to comply with applicable standards, statutes, or regulations" (*id.* at ¶ 12l); and
- "other acts or omissions . . . [to] be revealed through discovery" (*id.* at ¶ 12r).

In contrast, Caron's amended complaint added allegations, among others, that Norwegian "served an excessive amount of alcohol." (Am. Compl. ¶ 19; *see also* ¶ 55l (charging that Norwegian was negligent for "over-serving alcohol and/or alcoholic beverages to its passengers").)

### 2. Unless the over-service claim relates back, the ticket contract between Caron and Norwegian prevents Caron from raising his over-service-of-alcohol claim.

The ticket contract between Caron and Norwegian contains a limitations provision that provides "no suit shall be maintainable unless commenced within one (1) year from the day of the incident giving rise to such injury." (Def.'s Mot., Ex. 1, "Guest Ticket Contract," ¶ 10(a), ECF No. 18-1.) Caron alleges that his injury occurred on July 16, 2015. He filed his initial complaint on July 14, 2016. His amended complaint was not filed until September 30, 2016, over two months beyond the one-year limitations-period.

Caron insists that the contract's limitations provision "clearly does not address the issue of timeliness of amendments" because: (1) it refers only to "suit[s]" rather than to additional claims that may be added by amendment to a suit that has been timely filed; (2) it does not mention the relation-back doctrine; and (3) it does not reference the Federal Rules of Civil Procedure or caselaw relating to those Rules. (Pl.'s Resp. at 12.) Based on these shortcomings, according to Caron, as long as he filed *a* law suit within one year, he could thereafter amend his complaint, at will, without running afoul of the limitations provision. The Court finds this interpretation untenable.

"When new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery," "recovery under [an] amended complaint is barred by limitations if it was untimely filed." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). Once new facts are alleged, the suit being maintained is not the same as the suit that was timely commenced within the one year limitations period. Only through the legal fiction of relating back will the amended complaint be deemed to have been timely filed. *McCurdy v. United States*, 264 U.S. 484, 487 (1924) ("The doctrine of relation [back] gives effect to an act done

at one time as if it had been done at another. It is a legal fiction adopted by courts solely for purposes of justice—to avoid denial or loss of right, but not to impose burdens.") Thus Caron's contention that he can avoid the limitations provision by simply adding new allegations to his timely filed initial complaint necessarily fails. Similarly, Caron's protestation that the contractual limitation provision does not mention the relation-back doctrine, and the rules and caselaw related thereto, is nonsensical. The relation-back doctrine, if applicable, is the only thing that can save his new allegations from being stricken as untimely under the limitations provision.

### 3. The relation-back doctrine does not apply to the amended complaint's allegation of alcohol over service.

As relayed above in section 1, Caron's initial complaint did not raise any allegations of over service. Instead, the initial complaint focused on the physical condition of the ship, particularly the areas around the opening in the floor through which Caron alleges he fell.

Under Rule 15(b), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ." The Court finds that Caron's allegations of over service do not relate back to the original pleading. The alleged acts or omissions regarding the condition of the physical aspects of the ship "involve[] separate and distinct conduct," *Moore*, 989 F.2d at 1132, from any conduct that would be related to the allegation that Norwegian "served an excessive amount of alcohol" (Am. Compl. ¶ 19). The amended complaint's reference to Norwegian's over service is not, as claimed by Caron, "merely" the addition of "an incidental fact reasonably inferable from the facts alleged in the original complaint." (Pl.'s Resp. at 7 (emphasis and quotations in original omitted).) That is, "[i]n order to recover on the negligence claim contained in h[is] amended complaint, [the plaintiff] would have to prove completely different facts than would otherwise have been required to recover on the . . . claim in the original complaint." *Moore*, 989 F.2d at 1132. This leaves Norwegian at a distinct disadvantage: "Limits to relation back are designed to protect defendants from prejudice not just from lost and destroyed evidence, but from an unexpected increase in liability and an inherently more complex defensive strategy long after the statute of limitations had run." *Bloom v. Alvereze*, 498 F. App'x 867, 883 (11th Cir. 2012). Simply put, Norwegian was not given notice regarding the over-service claim anywhere within the originally filed complaint.

Caron's argument that his over-service allegation relates back because it is not a new cause of action but rather simply "another allegation of breach"

also falls flat. Caron's over-service allegation "is premised upon 'new distinct conduct' . . . which prevents this claim from relating back to the date the original claim was filed." *Hajtman v. NCL (Bahamas) Ltd.*, No. 07-22429-CIV, 2008 WL 1803630, at *2 (S.D. Fla. Apr. 21, 2008) (Moore, J.). Caron's submission that Norwegian had notice that *intoxication* was a factual issue in this case, even if true, simply does not mean that Norwegian therefore was aware that Caron would be asserting allegations of over service. Nor do the original complaint's allegations that: (1) Norwegian "fail[ed] to take proper precautions for the safety of passengers using its manholes, floors, walkway, or thresholds" (Compl. ¶ 12b); or (2) "other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery" (*id.* at ¶ 12r), provide notice of the over-service claim. In sum, Caron's claim regarding excessive service of alcohol is barred by the parties' contractual limitations provisions.

4. **Conclusion**

To the extent that Caron attempts to assert a claim based on over service of alcohol, that claim is dismissed. The Court therefore strikes any reference to such over service from the amended complaint. (*E.g.*, Am. Compl. ¶¶ 19, 55l.) The Court thus **grants** Norwegian's motion (**ECF No. 18**). At the same time, the Court notes that its barring of Caron's *claim* for over service does not prevent him from raising facts related to Norwegian's service of alcohol in response to potential allegations that Caron's intoxication rendered him comparatively negligent for his own injuries.

**Done and ordered**, at Miami, Florida, on April 13, 2017.

_____
Robert N. Scola, Jr.
United States District Judge