UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23065-CIV-SCOLA/OTAZO-REYES

OLIVIER CARON,

    Plaintiff,

v.

NCL (Bahamas) LTD.,
a Bermuda Company, d/b/a
Norwegian Cruise Line,

    Defendant.

_____/

## AMENDED REPORT AND RECOMMENDATION[1]

THIS CAUSE came before the Court upon Defendant NCL (Bahamas) Ltd.'s ("Defendant") Bill of Costs and Motion to Tax Costs (together, "Motion for Costs") [D.E. 305, 306]. These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Robert N. Scola, Jr., United States District Judge [D.E. 309]. For the reasons stated below, the undersigned respectfully recommends that Defendant's Motion for Costs be GRANTED IN PART.

## FACTUAL AND PROCEDURAL BACKGROUND

This action arose out of injuries that Plaintiff Olivier Caron ("Plaintiff") sustained while on board the Norwegian *Star*, when he fell down an emergency escape hatch. See First Am. Compl. [D.E. 15]. Plaintiff asserted a claim for negligence against Defendant. Id. On November 3, 2017, the Court granted Defendant's motion for summary judgment, and on November 6, 2017, the Court entered judgment in favor of Defendant and against Plaintiff [D.E.

---

[1] Amended to correct scrivener's error on page 10.

300, 302]. On November 3, 2017, Plaintiff filed a Notice of Appeal of the Order Granting Summary Judgment and other orders [D.E. 301].

On December 6, 2017, Defendant filed the instant Motion for Costs, seeking to recover $17,121.29 in costs as prevailing party [D.E. 305, 306]. On December 15, 2017, Plaintiff filed his Response to Defendant's Motion for Costs and Plaintiff's Objections to Defendant's Bill of costs (hereafter, "Response") [D.E. 308]. On December 20, 2017, Defendant filed its Reply Memorandum in Further Support of its Motion for Costs (hereafter, "Reply") [D.E. 310].

## STANDARD OF REVIEW

Pursuant to Rule 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001) ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary."), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524. "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party." Berube v. McCann Aerospace Machining Corp., 486 F. App'x 778, 780 (11th Cir. 2012). Title 28, United States Code, Section 1920 (hereafter, "Section 1920"), "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. Pursuant to Section 1920, a court may award the following as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs in excess of those authorized by statute. Crawford Fitting, 482 U.S. at 445.

## DISCUSSION

Defendant seeks to recover the following costs as prevailing party:

| Item | Cost |
|---|---|
| Fees for service of summons and subpoena | $117.00 |
| Fees for printed or electronically recorded transcripts | $16,625.50 |
| Fees for witnesses | $215.89 |
| Fees for exemplification and the costs of making copies | $162.90 |
| Total | $17,121.29 |

See Motion for Costs [D.E. 305, 306]. In his Response, Plaintiff requests that the Court stay the Motion for Cost pending the resolution of the appeal pending before the Eleventh Circuit, because "there is a possibility that monies paid for costs will be transferred multiple times before the final successful party obtains their costs (or the case settles)." See Response [D.E. 308 at 2]. However, "[i]t is well settled in this circuit that costs may be taxed after a notice of appeal has been filed." Rothenberg v. Sec. Mgmt. Co., 677 F.2d 64, 64 (11th Cir. 1982) (citations omitted). Nevertheless, the undersigned respectfully defers to the District Judge's discretion the timing for the issuance of an Order awarding Defendant's costs and proceeds to enter this Report and Recommendation.

Plaintiff also objects to Defendant's recovery of: (1) service of process fees; (2) deposition costs; and (3) copying costs. See Response [D.E. 308]. The undersigned addresses each of these objections in turn.

3

I.   **Service of process fees**

Pursuant to Section 1920, fees for service of process are recoverable up to $65.00 for each subpoena served. See 28 U.S.C. § 1920(1); E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000); 28 C.F.R. § 0.114(a)(3). Defendant seeks to recover costs for the service of one subpoena in the amount of $22.00 and a second subpoena in the amount of $95.00. See Motion for Costs [D.E. 306 at 4]. Plaintiff objects to the service of process fee for the second subpoena that exceeds the recoverable rate. See Response [D.E. 308 at 4]. Because service of process costs are recoverable up to $65.00 each, a $30.00 reduction is required for the subpoena billed at $95.00. Therefore, Defendant is only entitled to recover $87.00 for service of process fees. 28 U.S.C. § 1920(1); W&O, Inc., 213 F.3d at 624; 28 C.F.R. § 0.114(a)(3).

II.   **Deposition costs**

Expenses related to "printed or electronically recorded transcripts necessarily obtained for use in the case" are compensable. 28 U.S.C. § 1920(2). "[W]hether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case." W&O, Inc., 213 F.3d at 621. "[E]ven where a deposition is not ultimately used as part of a prevailing party's case, [the Eleventh Circuit has] held that the costs of the deposition are taxable under § 1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken." Watson v. Lake Cty., 492 F. App'x 991, 996-97 (11th Cir. 2012). The party opposing deposition costs has the burden of "demonstrat[ing] that any portion of the deposition[] was not related to an issue which was present in the case at the time the deposition was taken." W&O, Inc., 213 F.3d at 621. However, items or services that were obtained "only for the convenience of counsel" are not recoverable. Powell v. The Home Depot, U.S.A., Inc., No. 07-80435-CIV, 2010 WL 4116488,

4

at *10 (S.D. Fla. Sept. 14, 2010), report and recommendation adopted, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010). See also Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh Pennsylvania, No. 11-21163-CIV, 2013 WL 12090047, at *2 (S.D. Fla. Apr. 23, 2013) ("unless they are shown to be necessary, optional deposition costs . . . are not recoverable").

Defendant seeks to recover $16,625.50 for the depositions of Plaintiff and 15 witnesses. See Motion to Tax Costs [D.E. 306 at 6-7]; Bill of Cost [D.E. 305 at 1]. Plaintiff objects to the entire deposition costs, arguing that none of these witnesses testified at trial since the case was decided at the summary judgment stage, and their deposition testimony was not necessary for resolution of the case. See Response [D.E. 308 at 4-5]. However, Plaintiff's argument is misplaced, as Plaintiff has not met his burden to show that the depositions were "not related to an issue which was present in the case at the time the deposition was taken." W&O, Inc., 213 F.3d at 621.

In the alternative, Plaintiff objects to the following specific deposition expenses:

| Item | Costs |
|---|---|
| Electronic PDF E-Tran w/Scanned Exhibits[2] | $840.00 |
| Rough draft transcript | $704.90 |
| Surcharges for rushed transcripts[3] | $3,846.62 |
| Videotape of deposition | $400.00 |
| Court reporter appearance costs | $980.00 |
| Surcharge for "Saturday Reporter Appearance" | $155.00 |
| "Per-Hour Overtime" | $150.00 |
| "Go to Meeting" | $150.00 |
| **Total** | **$7,226.52** |

See Response [D.E. 308 at 6-8]. The undersigned addresses each of these items below.

---

[2] In his Response, Plaintiff calculated the total costs for electronic PDF transcripts to be $790.00. See Response [D.E. 308 at 6]. Upon review of the invoices, however, it appears that Defendants seek to recover $840.00 for these costs. See Invoices [D.E. 305 at 4-15, 17-22].

[3] In his Response, Plaintiff calculated the surcharge for the rushed transcript of the deposition of Richard Ferraro to be $788.48. See Response [D.E. 308 at 6-7]. Upon review of the invoice, however, it appears that the surcharge was $1,012.48. See Invoice [D.E. 305 at 21].

5

### A. Electronic transcripts

"[C]osts incurred as a result of digital or condensed copies of transcripts, word indexes, or copies of exhibits are generally not recoverable unless the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel." Nelson v. N. Broward Med. Ctr., No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014). Additionally, Section 1920 "does not allow for the taxation of the printed *and* electronic version of the same transcript." Feise v. N. Broward Hosp. Dist., No. 14-CV-61556, 2017 WL 3315144, at *3 (S.D. Fla. Aug. 3, 2017) (emphasis in original).

Defendant seeks to recover the costs for electronic transcripts of 18 depositions in the total amount of $840.00, reasoning that electronic copies were necessary to comply with the Court's rules regarding electronic filing. See Invoices [D.E. 305 at 4-15, 17-22]; Reply [D.E. 310 at 7-8]. Because printed copies can be scanned for filing purposes, the undersigned finds that such electronic transcripts were obtained for the convenience of counsel and were not necessary to comply with the rules regarding electronic filings. See Nelson, 2014 WL 2195157, at *3. Moreover, Defendant is not entitled to recover costs of the electronic versions of transcripts in addition to the printed transcripts. See Feise, 2017 WL 3315144, at *3. Accordingly, the amount of recoverable costs for depositions must be reduced by $840.00.

### B. Rough draft and rushed transcripts

Plaintiff objects to $704.90 in costs of the rough draft transcript of the deposition of Randall Jaques ("Mr. Jaques") and $3,846.62 in rushed transcript surcharges for the depositions of Mr. Jaques, Brett Berman ("Mr. Berman"), Dr. Catherine D'Amico ("Dr. D'Amico"), Richard Ferraro ("Mr. Ferraro"), and Dr. Gilbert Kraine ("Dr. Kraine"). See Response [D.E. 308 at 6-7]. Plaintiff suggests that the per-page rate for the rushed transcripts should be reduced to a non-rush

rate of $3.40 that was charged for several other depositions. Id.; Invoices [D.E. 305 at 7-8, 10-13, 17-20]. Defendant counters that these costs were necessary because the depositions at issue were taken close to the discovery and summary judgment deadlines. See Reply [D.E. 310 at 9-10]. However, Defendant has not shown why it was necessary to schedule the depositions on dates close to these deadlines such that it would require expedited transcripts. Therefore, the undersigned finds that the rough draft of Mr. Jaques' deposition transcript in the amount of $704.90 and the additional costs for the expedited transcripts in the amount of $3,846.62 are not recoverable. See Nelson, 2014 WL 2195157, at *3; Powell, 2010 WL 4116488, at *10. Accordingly, the recoverable transcript costs for the rushed transcripts are adjusted to the regular per page rate of $3.40 as follows: $965.60 for the January 5, 2017 deposition transcript of Mr. Berman, $374.00 for the deposition transcript of Dr. D'Amico, $1,285.20 for the deposition transcript of Mr. Jaques, $761.60 for the deposition transcript of Mr. Ferraro, and $523.60 for the October 3, 2017 deposition transcript of Dr. Kraine. See Invoices [D.E. 304 at 4, 14-15, 21-22].

C. **Videotape of deposition**

To recover the costs of video recorded depositions, the requesting party "must show why it was necessary to have both a video deposition and a transcribed deposition for use in the case." George v. Fla. Dep't of Corr., No. 07-80019-CIV, 2008 WL 2571348, at *7 (S.D. Fla. May 23, 2008). Plaintiff objects to $400.00 in cost for the video deposition of Mr. Jaques that Defendant obtained in addition to the written transcripts. See Response [D.E. 308 at 6]. Based on a review of the invoice, it appears that this video charge consist of 4 DVD copies of the videotaped deposition of Mr. Jaques. See Invoice [D.E. 305 at 16]. Defendant contends that it had the right to obtain the videotape for impeachment purposes if the case had proceeded to trial. See Reply [D.E. 310 at 8-9]. Based on this explanation, undersigned finds that the 4 DVD copies were

7

obtained for the convenience of counsel. See George, 2008 WL 2571348, at *7. Accordingly, these costs are not recoverable.

### D. Court reporter attendance costs, "Per-Hour Overtime", "Saturday Appearance of Reporter" and "Go to Meeting" fees

Plaintiff objects to the court reporter appearance costs for the depositions of Plaintiff, Julie Caron, Nengah Suardana ("Mr. Suardana"), Dr. D'Amico, Mr. Jaques, and Mr. Ferraro in the total amount of $980.00, requesting that the Court exercise its discretion in awarding these costs. See Response [D.E. 308 at 7-8]. Because Court reporter attendance fees are taxable as costs, the undersigned denies Plaintiff's request. Joseph v. Nichell's Caribbean Cuisine, Inc., 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013).

As to the $150.00 "Per-Hour Overtime" fees for the deposition of Mr. Jaques, Defendant explains that these fees represent the two hours of court reporter attendance fees from 5:00-7:00 P.M. See Reply [D.E. 310 at 8]. As to the "Saturday Appearance of Reporter" surcharge for the deposition of Mr. Suardana, Defendant explained that it was necessary to conduct this deposition on a Saturday because the deponent worked on a vessel and was only at port on Saturdays. Id. Based on these explanations, the undersigned finds that the "Per-Hour Overtime" and "Saturday Appearance of Reporter" costs are reasonable and recoverable. W&O, Inc., 213 F.3d at 621; Watson, 492 F. App'x at 996-97.

As to the "Go to Meeting" fees, Defendant explains that these fees were incurred in association with the depositions of Erwin Castro ("Mr. Castro") and Dr. Kraine taken by video conference. See Reply [D.E. 310 at 8]. Although Defendant states that the parties had agreed to take these depositions via video conference, Defendant fails to demonstrate why the "Go to Meeting" fees were necessary and not merely for the convenience of counsel. Id.; Exhibit D [D.E. 310-4]; Exhibit E [D.E. 310-5]. Moreover, if Defendant had traveled to St. Thomas, U.S.

Virgin Islands for Mr. Castro's deposition and to Norfolk, Virginia for Dr. Kraine's deposition, those travel costs would not be recoverable under Section 1920. Miami Yacht Charters, at 2013 WL 12090047, at *2. Therefore, the undersigned finds that, similarly, Defendant should not be awarded the costs of a video appearance in lieu of traveling to the depositions. Therefore, the undersigned finds that the $150.00 in "Go to Meeting" fees are not recoverable.

Based on the above findings, the following reductions to the deposition costs are required: $840.00 for the electronic transcripts, $3,846.62 for the surcharges for rushed transcripts, $704.90 for the rough draft transcript, $400.00 for the videotape copies, and $150.00 for "Go to Meeting" costs, for a total reduction of $5,941.52. Therefore, the total recoverable costs for depositions are adjusted to $10,683.98.

### III. Copying costs

A prevailing party may recover fees for "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The moving party "must present evidence regarding the documents copied including their use or intended use." George, 2008 WL 2571348, at *2 (citation omitted). This evidence should include "information regarding the purpose of copies charged so the court will be able to determine the purpose of the copies as well as whether the rates paid for copies were reasonable, and whether the copies made were related to the action at issue." Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009). However, "costs for copies made merely for counsel's convenience" are not recoverable. Id.

Plaintiff objects to the entire amount of $162.90 Defendant seeks to recover for copying, arguing that Defendant failed to provide sufficient information for the Court to determine the purpose for the copies. See Response [D.E. 308 at 8]. However, Defendant explained that it

9

seeks to recover the copying costs charged by Plaintiff's medical providers for his medical records. See Reply [D.E. 310 at 10]. The invoices from Queensway Carleton Hospital, Action Plus Physiotherapy, and Ottawa Hospital show charges in the amounts of $30.00, $31.25, and $33.90, respectively, for Plaintiff's medical records. See Invoices [D.E. 305 at 28-30]. The invoice from Dr. Peter Maclean shows copying costs of $40 for the first 25 pages and $0.25 per page for the remaining 111 pages, for a total of $67.75. Id. at 31. Defendant explains that it had to pay these medical providers their copying costs in order to obtain these records. See Reply [D.E. 310 at 10]. Based on this explanation, the undersigned finds that these costs are reasonable and recoverable. George, 2008 WL 2571348, at *2; Monelus, 609 F. Supp. 2d at 1335.

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion for Costs [D.E. 305, 306] be GRANTED IN PART and that Defendant be awarded the following costs:

| Item | Cost |
|---|---|
| Fees for service of summons and subpoena | $87.00 |
| Fees for printed or electronically recorded transcripts | $10,683.98 |
| Fees for witnesses | $215.89 |
| Fees for exemplification and the costs of making copies | $162.90 |
| **Total** | **$11,149.77** |

Plaintiff does not object to Defendant's request to recover interest on any cost award pursuant to 28 U.S.C. § 1961. Therefore, the undersigned further recommends that Defendant be awarded interest on this cost award at the statutorily prescribed rate from November 6, 2017, the date of entry of the Final Judgment, until the date of payment. See Joseph, 950 F. Supp. 2d at 1260 ("Recognizing that § 1961 applies to an award of costs, the Eleventh Circuit has held that interest shall accrue on . . . taxable costs from the date the court entered final judgment.") (citations omitted).

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of the Report and Recommendation to file written objections, if any, with the Honorable Robert N. Scola, Jr., United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 30th day of May, 2018.

*[signature]*
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Robert N. Scola, Jr.
      Counsel of Record